TüRLEV, J.
delivered the opinion of the court.
This suit was commenced before a justice of the peace, and taken by appeal to the circuit court. On the trial, the defendant offered to prove that at the time the summons from the justice was executed on him, he was attending court as juror; this testimony the court refused to hear. Is there error in this determination? We think not, for two reasons. The act of 1799, c. 6, § 11, under which this testimony was offered, says, “no sheriff or other officer shah serve or execute any writ or other process on the body of any juror, during his attendance 'on, going to, or returning from any county’or circuit court, atad any such service shall be void, and the defendant may, on motion, be discharged.’?: The object of this statute, from beginning to end, is to make provision for furnishing jurors to the courts, who shall be constant and punctual in their attendance. The eleventh section was to prevent a delay of the business, by an exemption of the jurors, from process against their bodies, not to grant a privilege from arrest for the benefit of the juror. Á summons is not a process or writ against the body, it is only-a notice, and therefore not within the words of the statute: but it is-said it is within the spirit. We think not. All the act does, is to free the juror from bodily arrest, in order that he may be able to attend court; for us to go further, and say that it was intended for the personal benefit of the juror, and that he should *10 not summone<* to a trial before a justice or a court, would be to make the law, not to expound it. 2nd. The court did right not to hear the testimony, because it "was matter not in defence, but in abatement of the action. Pleas in abatement are allowed,' stricti juris, and no latitude in practice is, extended' to them; they must always be filed in a right time, in right form, and properly verified, before the court will entertain them; this was- not done in this case. But it is argued, that all pleadings are by parol before a- justice of the peace-, and, therefore, matters in abatement may be taken advantage of, without plea before them'. Let it be granted, that the- situation of the country makes this necessary, yet the necessity ceases to exist -when the case is carried by appeal to the circuit court, and the act of’ 1794, c. 1, expressly provides, that no plea'in abatement shall be received in said courts unless the same be verified by affidavit or otherwise,' that is by affidavit, when the- matter ⅛ in pais,. and by record, when it is matter of record. The word affidavit, ex vi termini, means an oath reduced to writing. It is-important that this practice should not be violated; matter in abatement is not favored-, because it does not go to the merits-of the cas'é, but defeats the action, and not the cause of it. If upon a trial by a jury sworn, to try the merits, of the case, the defendant could be permitted to- prove matter in abatement, without previous notice, surprise in many instances would be the consequence, and in many cases perjury, as the plaintiff would not he supposed to be prepared with rebutting proof. ' We, therefore, - think that in all cases brought by appeal from a justice to a court of record, matter in abatement shall not be -taken advantage of, unless it be set forth in writing, - and verified -by oath, or otherwise, at the first term of the court to .which the appeal is taken; and that matter in abatement and matter in law shall .not be used at the same time, this is in analogy to the practice, which prohibits the filing pleas in abatement and pleas in bar at the same time to the same suit. Let the judgment of the circuit court be affirmed. ■
Judgment affirmed,